IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE B. BUTLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Officer BRANDON FLENORY, | : | NO. 5:13-CV-9-MTT-MSH |
| Unit Manager DON BLAKELY, | : | 42 U.S.C. § 1983 |
| Deputy Warden JAMES HINTON, and | : | |
| Warden GREGORY McLAUGHLIN, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff WILLIE B. BUTLER, a prisoner at Macon State Prison ("MSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of MSP

### I.   *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

1

screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148

F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff's claims stem from an August 3, 2012, incident. On that date, Plaintiff allegedly was attacked by four other inmates. (ECF No. 1.) In the midst of the attack, a code was called over the radio. As Plaintiff was running toward "door officers," the officers turned and closed the door, locking Plaintiff in the dorm with the attacking inmates. Plaintiff allegedly suffered fourteen stab wounds in the assault. He was thereafter taken to an outside doctor, who treated Plaintiff's wounds and performed surgery on his eye. Plaintiff complains that he can no longer see out of his injured eye.

Plaintiff does not name any of the "door officers" as Defendants or otherwise

identify them.  Instead, he names as Defendants three MSP officials involved in a disciplinary report arising out of the above incident (ECF No. 1-1).  According to Plaintiff, Defendant Officer Brandon Flenory wrote up Plaintiff for assaulting another inmate.  Plaintiff indicates that he was never served with a copy of the disciplinary report, as he was hospitalized.  The disciplinary report shows that Defendant Disciplinary Officer/Unit Manager Don Blakely found Plaintiff guilty of attacking another inmate and directed that Plaintiff pay medical restitution of $199.99.  Plaintiff was also apparently charged a $4.00 fee for the disciplinary report.  Defendant Deputy Warden James Hinton approved the disciplinary action.

In addition to Flenory, Blakely, and Hinton, Plaintiff sues Warden Gregory McLaughlin.  Plaintiff does not, however, mention McLaughlin in the body of his complaint.

## III.  DISCUSSION

Because he alleges no facts whatsoever regarding Warden Gregory McLaughlin, Plaintiff clearly has not stated a colorable claim against McLaughlin.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).  Moreover, Warden McLaughlin cannot be held liable for the conduct of his officers merely by virtue of his supervisory position. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their

subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's claims against Warden Gregory McLaughlin be **DISMISSED WITHOUT PREJUDICE** and that Warden McLaughlin be **DISMISSED** as a Defendant herein.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

To the extent Plaintiff wishes to sue the "door officers" who apparently failed to intervene during Plaintiff's attack, he must name those officers as defendants and specify each individual's actions or inactions during the incident. As to Defendants Flenory, Blakely, and Hinton, Plaintiff has alleged no facts suggesting that they failed to protect Plaintiff in connection with his attack.

The only claim Plaintiff would appear to have alleged against the three remaining Defendants is for the deprivation of his property in the disciplinary proceeding, of which Plaintiff alleges he received no notice. It is by no means clear that such a claim will ultimately be successful. Liberally construing the complaint in Plaintiff's favor,

---

[1] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

however, and notwithstanding that Plaintiff's damages may merely be nominal,[2] the Court concludes that Plaintiff has stated a colorable due process claim.  *See e.g., Tatman v. Buame*, 3:11-cv-69, 2011 WL 2966702 at *3 (N.D. Ind. July 20, 2011) (permitting plaintiff to proceed on his claim that defendant "imposed restitution on him without due process, which raises questions regarding the statutory authority for the restitution order, proof regarding the Plaintiff's actions causing monetary damage and the amount of restitution, and the procedure afforded the Plaintiff.").  *See also Watson v. Thomas*, 1:12-cv-216-IPJ-RRA, 2012 WL 6755059 at *5 (N.D. Ala. Oct. 31, 2012) ("It does not appear that either the United States Supreme Court or the Eleventh Circuit Court of Appeals has directly addressed whether or not the holding in *Sandin* [*v. Connor*, 515 U.S. 472 (1995)] is applicable to prisoner property claims.").

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendants Officer Brandon Flenory, Unit Manager Don Blakely, and Deputy Warden James Hinton, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

---

[2]  It appears that Plaintiff's prison account has had no funds from which MSP officials could collect the amount charged in the disciplinary proceeding.  *See Higgins v. Beyer*, 293 F.3d 683, 694 n.3 (3d Cir. 2002).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run

separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden or Sheriff of the facility wherein Plaintiff is incarcerated, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event

Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, this 24th day of January, 2013.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE