IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE B. BUTLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:13-CV-9-MTT-MSH |
| | : | |
| BRANDON FLENORY, et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss (ECF No. 17) filed on November 19, 2013, and claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit. Despite two separate orders directing Plaintiff to respond to the motion, Plaintiff has not done so.[1] Because the Court agrees that Plaintiff's Complaint should now be dismissed for failure to exhaust, the Court declines to address Defendants' additional arguments. For the reasons explained below, it is recommended that Defendants' motion be granted.

---

[1] On May 6, 2014, the Court ordered Plaintiff to respond to Defendants' motion. (Order, May 6, 2014, ECF No. 18.) Plaintiff failed to respond to that Order. Upon review of Defendants' motion and attached filings, the Court found that Defendants had failed to attach a number of exhibits and affidavits referred to in the motion, and ordered Defendants to supplement their motion with the proper documentation. (Text Only Order, July 10, 2014.) Defendants filed their response to that Order on July 16, 2014, and attached the missing documents. (Response to Court Order, ECF No. 19.) The Court thereafter granted Plaintiff another opportunity to respond to the motion to dismiss. (Text Only Order, July 16, 2014.) Plaintiff has not responded within the allotted time.

## BACKGROUND

Plaintiff's claims have been construed as alleging the deprivation of his right to procedural due process in connection with a disciplinary report and hearing conducted at Macon State Prison ("MSP"). Plaintiff was charged with assault in connection with an attack allegedly perpetrated by four other inmates upon Plaintiff, which left Plaintiff with multiple stab wounds and injuries to his eye. Plaintiff claims that after the assault, he was charged with a disciplinary report accusing him of participating in the assault by kicking another inmate. The basis of his action is that he was never served with a copy of the disciplinary report, and thus his rights were violated when he was adjudicated guilty of the allegation and sanctioned to pay restitution for the inmate's medical bills totaling roughly two hundred and three dollars ($203.00).

Defendants now move to dismiss the complaint claiming that Plaintiff failed to exhaust his administrative remedies.[2] Plaintiff failed to respond to the motion. This motion is therefore ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure

---

[2] The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). Furthermore, the Eleventh Circuit has held that in order to properly exhaust the grievance procedure, the prisoner must "timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim." *Id.* at 1159.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

This case can be resolved at step one of this inquiry. Defendants have presented evidence that MSP has a grievance procedure which follows the Georgia Department of Corrections Standard Operating Procedure ("SOP") on grievances. (*See* Aff. of Veronda Cladd, ECF No. 19-1.) The SOP specifically states that a disciplinary report cannot be grieved through the usual grievance procedure. (*Id*. at ¶ 21.) Instead, the inmate can file an appeal of the disciplinary report. (Cladd Aff. Ex. 2 at 27, ECF No. 19-3.) These

3

procedures are outlined to each inmate upon admission to the prison and a copy of the SOP is available in the law library. (Cladd Aff. at ¶¶ 7-8.)

Defendants have also shown, through Plaintiff's grievance history as well as an affidavit from Administrative Assistant Veronda Cladd, that although Plaintiff filed a grievance regarding the alleged violation of his due process rights, that grievance was rejected as regarding a non-grievable issue. (Cladd Aff. at ¶¶ 22-23.) Plaintiff never filed any appeal of his disciplinary report through the proper channels. (*Id*. at ¶ 28.) Plaintiff's own filings also state that his grievance was denied and that although he allegedly "tried to appeal a [Disciplinary Report] #325974. But [he] never received a response." (Compl. 2.)[3] Therefore, as Plaintiff does not dispute that he did not properly complete an appeal of the disciplinary report, the facts presented clearly show that he has failed to exhaust his administrative remedies. Defendants' motion should be granted.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is hereby RECOMMENDED that Defendant's Motion to dismiss (ECF No. 17) be GRANTED and Plaintiff's Complaint be dismissed without prejudice. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

---

[3] Furthermore, Plaintiff makes no allegations to the effect that he was unlawfully prevented from filing an appeal of the disciplinary report, only that he allegedly received no response when he attempted to do so.

4

SO ORDERED, this 5th day of August, 2014.

                                              /s/ Stephen Hyles
                                              UNITED STATES MAGISTRATE JUDGE