IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE B. BUTLER,            )
                                )
        Plaintiff,          )
                                )
        v.                )    CIVIL ACTION NO. 5:13-CV-9 (MTT)
                                )
BRANDON FLENORY, et al.,   )
                                )
        Defendants.     )
                                )

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles to dismiss the Plaintiff's complaint for failure to exhaust administrative remedies.  (Doc. 20).  The Plaintiff failed to respond to the Defendants' motion to dismiss despite two court orders to do so.  However, he has objected to the Recommendation.  (Doc. 21). The Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.  The Court agrees that the Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.  However, the Court finds the complaint is properly dismissed at step two of the analysis articulated in *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), rather than at step one as recommended.

As discussed in the Recommendation, the Plaintiff claims he was denied due process in connection with a disciplinary report and hearing conducted at Macon State Prison.  Both sides agree the Plaintiff filed a grievance, which was denied.  According to the Georgia Department of Corrections Standard Operating Procedures, which Macon State Prison follows, disciplinary action cannot be grieved through the usual grievance

procedure.  (Doc. 19-2 at 4).  Instead, the disciplinary hearing decision can be appealed to the Warden.  (Docs. 19-1, ¶ 21; 19-3 at 27).  The Warden or designee has five working days to respond from the time the appeal is received.  (Doc. 19-3 at 28).  If dissatisfied with the decision, the inmate can appeal to the Commissioner.  (Docs. 19-1, ¶ 21; 19-3 at 28-29).

At the first step of the analysis, the Court must take the Plaintiff's version of the facts as true and determine whether the Defendants are nonetheless entitled to have the complaint dismissed for failure to exhaust administrative remedies.  *Turner*, 541 F.3d at 1082.  Because the Plaintiff alleges that, in addition to filing a grievance, he tried to appeal the disciplinary report but never received a response, the Court continues to the second step of the analysis.  (Doc. 1 at 3). *See Bure v. Miami-Dade Corr. Dep't*, 507 F. App'x 904, 905-06 (11th Cir. 2013) (moving to second step of analysis where plaintiff alleged prison official did not comply with the inmate grievance procedure).

At the second step of the analysis, the Court makes specific factual findings to resolve disputed issues related to exhaustion.  *Turner*, 541 F.3d at 1082.  The Defendants bear the burden of proof.  *Id.*  As discussed in the Recommendation, the Defendants submitted both the Plaintiff's grievance history and the affidavit of Georgia Department of Corrections administrative assistant Veronda Cladd.  According to Cladd, who investigates and responds to inmate grievances and disciplinary appeals, the Plaintiff never filed an appeal even though he was advised of his right to appeal.  (Doc. 19-1, ¶¶ 4, 28).  In his objection, the Plaintiff reiterates that he filed a grievance but makes no further mention of appealing the disciplinary report.   Additionally, he provides no detail concerning the alleged appeal in his complaint.  Thus, the Court finds the

-3-

Plaintiff did not properly appeal his disciplinary report and consequently failed to exhaust his administrative remedies.

The Court has reviewed the Recommendation and the Plaintiff's objection, and the Court accepts and adopts in part the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  Accordingly, the Defendants' motion to dismiss (Doc. 17) is **GRANTED**, and the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED,** this 15th day of September, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT